United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS ROMULO, et al.,

    Plaintiffs,

    v.

OPTIMA FUNDING, INC., et al.,

    Defendants.

_____/

No. C 09-3296 PJH

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING DATE**

Before the court is a motion to dismiss filed by defendant American Home Mortgage Servicing Inc. ("American Home"). Plaintiffs Carlos Romulo and Heidi Romulo ("plaintiffs") did not oppose the motion. Nor did plaintiffs file a statement of non-opposition pursuant to Civil Local Rule 7-3. Because the court finds that oral argument is unnecessary and would not be helpful, the hearing date of September 9, 2009 is VACATED pursuant to Civil Local Rule 7-1(b). For the reasons stated below, defendant's motion to dismiss is GRANTED.

**BACKGROUND**

Plaintiffs are residents of San Mateo County and the owners of real property located at 141 Hillside Blvd., Daly City, CA 94014 (the "property"). Complaint for Damages ("Complaint"), ¶ 1; see Request for Judicial Notice ISO Mot. Dismiss Complaint ("RJN"), Ex. 2. On July 18, 2006, plaintiffs re-financed the property with a loan issued by Optima Funding Inc. ("Optima") for $770,000. See RJN, Ex. 2. The loan was secured by a Deed of Trust recorded against the property on August 2, 2006. Id. The Deed of Trust was subsequently assigned to Option One Mortgage Corporation on March 11, 2008. Id. at Ex. 3.

After plaintiffs fell in arrears on loan payments, a non-judicial foreclosure was

initiated when a Notice of Default and Election to Sell Under Deed of Trust was recorded on February 4, 2009.  See RJN, Ex. 4.  On March 6, 2009, the Deed of Trust was assigned to Wells Fargo Bank, N.A., as Trustee for ABFC 2006-OPT3 Trust, ABFC Asset-Backed Certificates, Series 2006-OPT3.  Id. at Ex. 5.  Then, on April 6, 2009, a Substitution of Trustee was recorded, substituting American Home as the Trustee under the Deed of Trust.  Id. at Ex. 6.  That same day, a Notice of Trustee's Sale was recorded as Instrument No. 2009-038998 in the Official Records of the County Recorder of San Mateo County, stating that plaintiff was in default under the Deed of Trust dated July 18, 2006, and stating further that the property would be subject to sale in a public auction on May 26, 2009.  See RJN, Ex. 6.  The property was subsequently sold in May 2009.  See RJN, Ex. 8.

On June 16, 2009, plaintiffs filed this action in San Mateo County Superior Court against Optima, American Home, Default Resolution Network, Kevin Cullinane and Lisa Cullinane.  Plaintiffs allege eleven causes of action: (1) violations of Home Ownership Equity Protection Act; (2) violations of the Real Estate Settlement Procedures Act ("RESPA"); (3) violations of the federal Truth in Lending Act; (4) violation(s) of the Fair Credit Reporting Act; (5) fraudulent misrepresentation; (6) breach of fiduciary duty; (7) unjust enrichment; (8) civil conspiracy; (9) civil RICO; (10) action to quiet title; and (11) usury.  See generally Complaint.

On July 17, 2009, the action was removed on the basis of federal question jurisdiction.  Defendant American Home has now moved to dismiss plaintiffs' complaint against it in its entirety, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**DISCUSSION**

A.  Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "  Navarro v. Block, 250 F.3d 729, 732

(9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. Id. The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor do courts assume the truth of legal conclusions merely because they are cast in the form of factual allegations, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can prove facts different from those it has alleged. Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8 requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). In order to survive a dismissal motion, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level." Twombly, 127 S.Ct. at 1965. While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. In

short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Id. at 1974.

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). An exception to this rule is that a court may consider a matter that is properly the subject of judicial notice, such as matters of public record. Id. at 689; see also Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment).

B.     Request for Judicial Notice

American Home requests that this court take judicial notice of the following documents: (1) Deeds of Trust recorded and reconveyed after plaintiffs took title and prior to the Note and Deed of Trust at issue, recorded as various instruments in the Official Records of San Mateo County, California; (2) Deed of Trust, recorded on August 2, 2006, in the Official Records of San Mateo County, California as Instrument No. 2006-115757; (3) Deed of Trust, recorded on March 11, 2008, in the Official Records of San Mateo County, California as Instrument No. 2008-025881; (4) Notice of Default and Election to Sell Under Deed of Trust, recorded on February 4, 2009, in the Official Records of San Mateo County, California as Instrument No. 2009-010798; (5) Deed of Trust, recorded on March 11, 2008, in the Official Records of San Mateo County, California as Instrument No. 2009-024335; (6) Substitution of Trustee, recorded on April 6, 2009, in the Official Records of San Mateo County, California as Instrument No. 2009-038997; (7) Notice of Trustee's Sale, recorded on April 6, 2009, in the Official Records of San Mateo County, California as Instrument No. 2009-038998; (8) Trustee's Deed Upon Sale, recorded on June 8, 2009, in the Official Records of San Mateo County, California as Instrument No. 2009-074266; and (9) Notices of Right to Cancel, signed by plaintiffs Carlos Romulo and Heidi Romulo, dated July 22,

2006.

Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

As the above documents in question are matters of public record, the court GRANTS defendant's request for judicial notice. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (A court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss.); W. Fed. Sav. v. Heflin, 797 F.Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust).

C.   Motion to Dismiss

   1.   Violation of Home Ownership Equity Protection Act (HOEPA)

Plaintiffs' first cause of action alleges that "defendants violated HOEPA by numerous acts and material omissions...". Complaint, ¶ 58. HOEPA amended the Truth in Lending Act ("TILA") to "combat predatory lending." In re First Alliance Mortgage Co., 471 F.3d 977, 984, n. 1 (9th Cir. 2006). HOEPA applies to certain high risk loans involving higher interest rates and costs. HOEPA's disclosure requirements only apply to loans in which "the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities" or those in which "the total points and fees payable by the consumer at or before closing will exceed the greater of – (i) 8 percent of the total loan amount; or (ii) $400." 15 U.S.C. § 1602(aa)(1).

Plaintiffs' HOEPA claim fails. First, the complaint does not allege any facts particular to American Home, making it impossible to tell what conduct is being alleged against defendant, and therefore failing to satisfy the minimal notice pleading standards of Rule 8. Second, as HOEPA is part of TILA, it is governed by the same one-year statute of

limitations. Plaintiffs became contractually obligated under the loan in question on July 18, 2006, nearly three years before the filing of this action. See RJN, Ex. 2. Accordingly, plaintiffs' HOEPA damages claim is barred. See In re Community Bank of Northern Virginia, 418 F.3d 277, 304-05 (3d Cir. 2005). Finally, to the extent plaintiffs' claim is premised on conduct pertaining to origination of plaintiffs' loan, American Home did not originate the loan, but rather, was substituted in as the Trustee on the Deed of Trust in April 2009. See RJN, Ex. 6. Thus, it would appear that any claim premised on origination of the loan fails as a matter of course as to defendant American Home.

Accordingly, plaintiffs' first cause of action is dismissed for failure to state a claim upon which relief may be granted. The claim is dismissed with leave to amend, however, so that plaintiffs may allege specific facts against American Home suggesting that any qualifying conduct by American Home forms the basis for a claim under HOEPA, and that the one-year statute of limitations was equitably tolled.

2. Violation of RESPA

Plaintiffs' second cause of action alleges that defendants, "in connection with the mortgage loan to [p]laintiffs, ... accepted charges for the rendering of real estate services which were in fact charges for services other than actually performed," in violation of 12 U.S.C. § 2607. See Complaint, ¶ 66.

"RESPA requires mortgage lenders to disclose the costs associated with real estate closings." Bloom v. Martin, 77 F.3d 318, 320 (9th Cir. 1996) (citing 12 U.S.C. § 2601)). RESPA was enacted to institute:

> [S]ignificant reforms in the real estate settlement process . . . to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country.

12 U.S.C. § 2601(a).

To the extent that plaintiffs attempt to state a claim for relief based on a violation of § 2607, they have failed to plead a cognizable cause of action. First, the complaint does not

6

allege any facts particular to American Home, making it impossible to tell what conduct is being alleged against defendant, and therefore failing to satisfy the minimal notice pleading standards of Rule 8.  Second, American Home is not a "mortgage lender" as contemplated by RESPA, but rather the Trustee on the Deed of Trust as of April 2009.  Thus, plaintiffs' second cause of action is dismissed for failure to state a claim upon which relief may be granted.  The dismissal is with leave to amend, however, so that plaintiffs may attempt to allege facts demonstrating specific actionable conduct against American Home, including American Home's status as a mortgage lender against whom suit is permissible under RESPA, if additional facts support it.

### 3. Violations of the federal Truth in Lending Act (TILA)

Plaintiffs' third cause of action alleges that defendants violated TILA's disclosure requirements by failing to: "include and disclose certain charges in the finance charges shown on the TIL settlement which charges were imposed on [p]laintiffs incident to the extension of credit to the [p]laintiffs and were required to be disclosed...".  Complaint, ¶ 69.  TILA is intended to protect consumers in credit transactions by requiring disclosure of key terms of the lending arrangement and its related costs.  See 15 U.S.C. § 1601 *et seq.*  A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling.  A plaintiff's damage claims relating to improper disclosures under TILA are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated.  King v. State of California, 784 F.2d 910, 915 (1986); see also Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA occurs at the time the loan documents were signed).

As noted above, the complaint does not allege any facts particular to American Home, making it impossible to tell what conduct is being alleged against defendant, and therefore failing to satisfy the minimal notice pleading standards of Rule 8.  Furthermore, since American Home did not originate the loan, the claim must fail to the extent premised

7

on disclosures made during the loan transaction itself.  In addition, plaintiffs signed their loan documents in July 2006, but did not file suit until June 2009.  As such, the one-year time limit for any claim for damages is time-barred, unless the doctrine of equitable tolling applies.  See King, 784 F.2d at 915 (equitable tolling of civil damages claims brought under TILA may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action).  Plaintiffs, however, make no allegation that equitable tolling is warranted under the circumstances.  Accordingly, plaintiffs' TILA damages claim is time-barred, fails to state a claim against American Home at any rate, and therefore is dismissed.

To the extent plaintiffs attempt to state a rescission claim, TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security.  Semar v. Platte Valley Federal Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a).  TILA and its regulations, issued by the Federal Reserve System, 12 C.F.R. §§ 226.1-.29 ("Reg Z"), require the lender to provide a form stating the specific date on which the three-day rescission period expires.  Semar, 791 F.2d at 701 (citing 15 U.S.C. § 1635(a)).

A borrower's right of rescission is extended from three days to three years if the lender (1) fails to provide notice of the borrower's right of rescission or (2) fails to make a material disclosure.  12 C.F.R. § 226.23(a)(3).  "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor."  15 U.S.C. § 1635(f); see also 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.").

Because plaintiffs commenced the instant action after the foreclosure sale, however, rescission is no longer an available remedy.  See Meyer, 342 F.3d at 902 (right to rescind expires when property is sold); Hallas v. Ameriquest Mortg. Co., 406 F.Supp.2d 1176, 1183 (D. Or. 2005) (foreclosure sale terminated plaintiff's right of rescission).  Thus, any rescission claim must be dismissed, as well.

In sum, plaintiffs' third cause of action is dismissed for failure to state a claim upon which relief may be granted.  The claim is dismissed with leave to amend, however, so that plaintiffs may allege specific facts against American Home suggesting that any qualifying conduct by American Home forms the basis for a claim under TILA, and that the one-year statute of limitations was equitably tolled

4.   Violation of the Fair Credit Reporting Act (FCRA)

Plaintiffs' fourth cause of action alleges violations of the Fair Credit Reporting Act.  Plaintiffs generally allege that defendants, at all times, "qualified as a provider of information to the Credit Reporting Agencies..." and that defendants "wrongfully, improperly and illegally reported negative information as to the [p]laintiffs to one or more Credit Reporting Agencies...".  Complaint, ¶ 73.  To that end, plaintiffs attempt to maintain a private right of action against defendants, and seek to recover damages from defendants for noncompliance with the FCRA's reporting requirements.  Id. at ¶¶ 74-75.

Plaintiffs' claim under the FCRA fails for two reasons.  First, plaintiffs generally allege their claim against "defendants," without identifying which defendant is responsible for their alleged injuries.  As such, plaintiffs fail to place American Home on notice of the claim or claims being asserted against it.  Second, plaintiffs' claim appears to be premised on conduct relating to the provision and maintenance of the subject loan in question, yet American Home was not involved in the origination of the loan in question, but was merely substituted in as the Trustee on the Deed of Trust in April 2009.  Thus, it does not appear that American Home is a proper defendant with respect to plaintiffs' claim under the FCRA.  At the very least, it is plaintiffs' burden to allege as much, and these allegations are totally

lacking from the complaint. Instead, plaintiffs rely on vague and conclusory allegations that cannot withstand defendants' motion to dismiss for failure to state a claim.

Accordingly, plaintiffs' fourth cause of action is dismissed for failure to state a claim upon which relief may be granted as to defendant American Home.

### 5. Fraudulent Misrepresentation

Plaintiffs' fifth cause of action alleges that defendants "knowingly and intentionally concealed material information from [p]laintiffs which is required by Federal Statutes and Regulations to be disclosed to [p]laintiffs both before and at closing," and furthermore that defendants "misrepresented material information to [p]laintiffs will full knowledge by [d]efendants that their affirmative representations were false...". See Complaint, ¶¶ 78-79.

Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." Gil v. Bank of Am., Nat'l Ass'n, 138 Cal.App.4th 1371, 1381 (2006). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. Vess, 317 F.3d at 1107.

Plaintiffs' fraud claim based on intentional misrepresentation fails because it does not satisfy the heightened pleading requirements of Rule 9(b). Although unclear, it appears that this fraud claim is premised on the same failure to disclose that forms the basis of plaintiffs' TILA and HOEPA claims. Plaintiffs, however, have plead vague and conclusory allegations against American Home without any information as to the who, what, when, where, and how of the intentional misrepresentations. Plaintiffs did not plead with the requisite particularity the specific representations that are attributable to American Home, the identity of the American Home employee who made the representations, their authority to speak, what they said or wrote, and when it was said or written. In short, plaintiffs failed to sufficiently allege the circumstances constituting the alleged intentional misrepresentations to give American Home adequate notice of the particular misconduct so it can defend against the charge.

Accordingly, plaintiffs' fifth cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 6. Breach of Fiduciary Duty

Plaintiffs' sixth cause of action alleges that defendants owed a fiduciary duty to plaintiffs "by their actions in contracting to provide mortgage loan services and a loan program to [p]laintiffs which was not only to be best suited to the [p]laintiffs given their income and expenses but by which [p]laintiffs would also be able to satisfy their obligations without risk of losing their home...". Complaint, ¶ 85. Plaintiffs further allege that defendants breached this duty by "fraudulently inducing [p]laintiffs to enter into a mortgage transaction which was contrary to [p]laintiffs' stated intentions" and interests. Id. at ¶ 86.

The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage. See Pellegrini v. Weiss, 165 Cal.App.4th 515, 524 (2008). "A fiduciary or confidential relationship can arise when confidence is reposed by persons in the integrity of others, and if the latter voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest without that person's knowledge or consent." Pierce v. Lyman, 1 Cal.App.4th 1093, 1101-02 (1991). "The relationship between a lending institution and its borrower-client is not fiduciary in nature." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1093 n. 1, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); see also Oaks Management Corp. v. Superior Court, 145 Cal.App.4th 453, 466 (2006) (absent special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender). A commercial lender is entitled to pursue its own economic interests in a loan transaction. Nymark, 231 Cal.App.3d at 1093 n. 1 (citing Kruse v. Bank of America, 202 Cal.App.3d 38, 67 (1988)).

Here, plaintiffs generally allege their claim against "defendants," without identifying

11

which defendant is responsible for their alleged injuries.  As such, plaintiffs fail to place American Home on notice of the claim or claims being asserted against it.  Nor does it appear that plaintiffs could proceed against American Home for its actions "in contracting to provide mortgage loan services," as American Home was not involved in the origination of the loan in question, but was merely substituted in as the Trustee on the Deed of Trust in April 2009.  Even if plaintiffs could allege, however, that American Home is a proper target of the instant claim by virtue of its actions in providing mortgage loan services and programs to plaintiffs, then as a mortgage lender, it would nonetheless have no fiduciary duty to plaintiffs, absent special circumstances.  Yet plaintiffs have not alleged any facts suggesting the existence of special circumstances such that a fiduciary relationship between themselves and defendant was created, i.e., facts suggesting that American Home's involvement in the loan transaction exceeded the scope of any conventional role as a mere money lender.  Instead, plaintiffs' complaint contains vague allegations and mere labels and conclusions, which are insufficient to withstand a motion to dismiss.  See Twombly, 127 S.Ct. at 1964-65.

Accordingly, plaintiffs' sixth cause of action is dismissed for failure to state a claim upon which relief may be granted.

      7.      Unjust Enrichment

In the seventh cause of action, plaintiffs allege that defendants "had an implied contract with [p]laintiffs to ensure that [p]laintiffs understood all fees which would be paid to [d]efendants to obtain credit on [p]laintiffs' behalf and to not charge any fees which were not related to the settlement of the loan and without full disclosure to [p]laintiffs."  See Complaint, ¶ 90.  They allege further that defendants "could not, in good conscience and equity, retain the benefits from their actions of charging a higher interest rate, fees, rebates, kickbacks, profits from resale of mortgages and notes using [p]laintiffs' identity, credit score and reputation without consent, right, justification or excuse as part of an illegal enterprise scheme, and gains and YSP fee unrelated to settlement services provided at closing."  Id.

at ¶ 91. As a result, plaintiffs allege that defendants "have been unjustly enriched at the expense of [p]laintiffs," and seek restitution accordingly.

"[T]here is no cause of action in California for unjust enrichment." Melchior v. New Line Productions, Inc., 106 Cal.App.4th 779, 793 (2003). "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." Lauriedale Associates, Ltd. v. Wilson, 7 Cal.App.4th 1439, 1448 (1992). "Unjust enrichment is a 'general principle, underlying various legal doctrines and remedies,' rather than a remedy itself." Melchior, 106 Cal.App.4th at 784; see also McBride v. Boughton, 123 Cal.App.4th 379, 387 (2004) ("Unjust enrichment is not a cause of action . . . or even a remedy, but rather . . . a general principle, underlying various legal doctrines and remedies. . . . It is synonymous with restitution."); cf Hirsch v. Bank of Am., 107 Cal.App.4th 708, 721-22 (2003) (upholding cause of action for unjust enrichment).

Unjust enrichment is typically sought in connection with a "quasi-contractual" claim in order to avoid unjustly conferring a benefit upon a defendant where there is no valid contract. McBride, 123 Cal.App.4th at 388. Under an unjust enrichment theory, restitution may be awarded either (1) in lieu of breach of contract damages, where an asserted contract is found to be unenforceable or ineffective, or (2) where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct, but the plaintiff has chosen not to sue in tort. Id. Thus, a claim for restitution is inconsistent and incompatible with a related claim for breach of contract or a claim in tort. Id.; see also Paracor Fin. v. General Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996).

To the extent that California law permits a plaintiff to seek restitution, plaintiffs here fail to adequately explain the theory on which their unjust enrichment claim is based. Plaintiffs' claim merely incorporates the other facts of the complaint by reference and makes the conclusory allegation that defendants have been "unjustly enriched" through "the receipt of payment from third parties including but not limited to investors, insurers, other

borrowers, the United States Department of the Treasury and the United States Federal Reserve." Complaint, ¶ 92. These allegations are insufficient to state the basis upon which plaintiffs seek restitution, beyond a "bare averment that [they] want[] relief and [are] entitled to it." See Twombly, 550 U.S. at 556 n. 3. Because plaintiffs failed to make clear upon which theory their unjust enrichment claim is based, this claim is insufficient to withstand a motion to dismiss. Furthermore, because the complaint does not allege that American Home originated the loan upon which plaintiffs base the majority of their allegations and claims, plaintiffs do not otherwise allege sufficient facts to support a contractual or quasi-contractual relationship between plaintiffs and American Home.

Accordingly, plaintiffs' seventh cause of action is dismissed for failure to state a claim upon which relief may be granted.

8. Civil Conspiracy

Plaintiff's eighth cause of action alleges that "[d]efendants agreed between and among themselves to engage in [a] conspiracy to defraud for the common purpose of accruing economic gains for themselves at the expense of and to the detriment of [p]laintiffs." Complaint, ¶ 96. This conspiracy was conducted "in connection with the application for and consummation of the mortgage loan" that is the subject of this action. Id. at ¶ 95.

Under California law, civil conspiracy is not a separate and distinct cause of action. Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1228 (9th Cir. 1997). "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 510-11 (1994). Liability for civil conspiracy generally requires three elements: (1) formation of the conspiracy (an agreement to commit wrongful acts); (2) operation of the conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of the conspiracy. Id. at 511.

14

Here, the complaint does not sufficiently allege any agreement or common plan between American Home, and any other entities or persons to perform a wrongful act, nor does it identify the wrongful act committed by the conspirators. Indeed, the complaint does not allege any particularized conduct on the part of any defendant at all, nor that American Home even participated in the origination of the loan in question. Thus, none of the civil conspiracy elements are met.

Accordingly, this claim is dismissed for failure to state a claim upon which relief may be granted.

9.  Civil RICO

Plaintiffs' ninth cause of action is entitled "Civil RICO," and generally alleges that defendants' actions "and use of multiple corporate entities, multiple parties and concerted and predetermined acts and conduct specifically designed to defraud [p]laintiffs constituted an 'enterprise' with the aim and objective of the enterprise being to perpetrate a fraud upon the [p]laintiffs through the use of intentional nondisclosure, material misrepresentation and creation of fraudulent loan documents." Complaint, ¶ 103.

"The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005)(internal quotation marks and citation omitted). The causation element requires a showing that the conduct constituting the violation was both the "but for" and proximate cause of a concrete financial injury. Forsyth v. Humana, Inc., 114 F.3d 1467, 1481 (9th Cir. 1997).

Plaintiffs neither recite these elements, nor do they allege specific facts as to these elements. Instead, plaintiffs only generally allege that defendants, in undifferentiated and collective fashion, have engaged in acts designed to perpetrate a fraud upon plaintiffs, and that each defendant is an 'enterprise defendant.' Plaintiffs fail to allege with any specificity, for example, the existence of a RICO enterprise. See 18 U.S.C. § 1961(4) (RICO statute

defines "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity"). An enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." United States v. Turkette, 452 U.S. 576, 583 (1981). Plaintiffs also fail to sufficiently allege the existence of an "ongoing organization" that functions as a "continuing unit" to issue fraudulent loan documents. Plaintiffs' conclusory statement that each defendant is an 'enterprise defendant' is insufficient. Nor do plaintiffs allege a particular pattern of racketeering activity, i.e., predicate acts, that form the basis of the alleged "scheme of racketeering." See Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1203-04 (C.D. Cal. 2008)(finding plaintiffs' pleading of a RICO claim deficient where, among other things, plaintiff failed to plead precisely the enterprise alleged and expressly identify any RICO predicate acts). These vague allegations of wrongdoing are insufficient to survive a motion to dismiss. See Twombly, 127 S.Ct. at 1964-65.

In addition, plaintiff fails to allege a concrete injury. Specifically, plaintiffs allege that they "have suffered, and will continue to suffer, damages." Complaint, ¶ 105. This allegation is wholly conclusory, and does not establish a concrete financial injury. See Izenberg, 589 F. Supp. 2d at 1204-05 (finding that plaintiffs' claim to legal fees relating to the filing and litigating of a RICO action and allegations of prospective injuries, including having to pay more money than is owed on their mortgage, do not satisfy RICO's concrete financial injury requirement).

For all these reasons, plaintiffs' ninth cause of action is dismissed for failure to state a claim upon which relief may be granted.

10. Action to Quiet Title

Plaintiffs' tenth cause of action is a "Complaint to Quiet Title to Real Property" and is alleged against "the only known [d]efendants." Complaint, ¶ 107. Plaintiffs specifically allege that they sent "authorized Qualified Written Request (QWR) to" the defendants,

which defendants "failed and/or refused to answer despite acknowledging receipt thereof and despite demands from [p]laintiffs." Plaintiffs further allege they sent their "notice of their intent to rescind the subject loan transaction" and that "without this action, neither the rescission nor the re-conveyance which [p]laintiffs are entitled to file as attorney-in-fact for the originating lender and will file contemporaneously with this Complaint, gives [p]laintiffs full and clear title to the property." Id. at ¶ 108. Plaintiffs allege they are "entitled to quiet title against [d]efendants, thereby clearing title of the purported subject mortgage encumbrance." Id. at ¶ 109.

As a preliminary matter, plaintiffs' cause of action fails because plaintiffs generally allege their claim against "defendants," without identifying which defendant is responsible for their alleged injuries. As such, plaintiffs fail to place American Home on notice of the claim or claims being asserted against it. Moreover "[i]t has been held that in a complaint to quiet title it is sufficient to allege that plaintiff is the owner of certain described property, that the defendant claims an interest therein adverse to plaintiff, and that such claim is without right." See Compas v. Escondido Mutual Water Co., 86 Cal. App. 2d 407, 411 (1948); Williams v. San Francisco, 24 Cal. App .2d 630, 633)(1938). Here, however, plaintiffs do not allege they are the current owners of the property (nor could they, in view of the foreclosure sale of their home to third parties), that American Home specifically claims an interest to the property, or even that it could claim an interest, as a non-originator of the loan in question. Nor do plaintiffs allege the actual basis for claiming title, based on particularized and identifiable facts. Accordingly, plaintiffs fail to state a viable claim to quiet title against American Home.

In sum, plaintiffs' tenth cause of action is dismissed for failure to state a claim upon which relief may be granted. Since the foreclosure sale of the property in question took place in May 2009, and there is no scenario under which plaintiffs can therefore plausibly allege they are the current owners of the real property in question, the dismissal is with prejudice.

17

11. <u>Usury</u>

Plaintiffs' eleventh cause of action alleges that defendants "disguised the transaction to create the appearance of the lender being a properly chartered and registered financial institution authorized to do business and to enter into the subject transaction when in fact the real party in interest was not disclosed to [p]laintiffs, as aforesaid, and neither were the various fees, rebates, refunds, kickbacks, profits and gains of the various parties who participated in this unlawful scheme." Complaint, ¶ 112. Plaintiffs further allege that this "fraudulent scheme" was actually a plan "to ruse [p]laintiffs into signing what would become a negotiable security used to sell unregulated securities" and changed the terms from the original note in order to "collect interest in excess of the legal rate" on the Note. <u>Id</u>. at ¶ 114.

The essential elements of usury are: the transaction must be a loan or forbearance; the interest to be paid must exceed the statutory maximum; the loan and interest must be absolutely repayable by the borrower; and the lender must have a willful intent to enter into a usurious transaction. <u>Ghirardo v. Antonioli</u>, 8 Cal.4th 791, 798 (1994). Here, the complaint fails to set forth a valid usury claim. Again, it pleads no facts as to any particular defendant (including American Home), and further fails to plead that American Home was an originating or other mortgage lender who participated in any loan-related conduct. Nor does the complaint plead any facts showing that the interest rate charged exceeded the statutory maximum, or that defendant American Home had a willful intent to enter into a usurious transaction.

In sum, the court finds that the eleventh cause of action for usury fails to state a claim, and that the motion must therefore be granted, as American Home cannot determine what conduct is being complained of.

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is GRANTED. Plaintiffs' first through eleventh causes of action are dismissed as to American Home.

Plaintiffs are granted leave to amend all claims, if they can, except for the tenth claim alleging an action to quiet title, which is dismissed with prejudice.  Because the court has dismissed plaintiffs' complaint in its entirety with regard to American Home, and has pointed out the deficiencies contained therein, the court will not order a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  Plaintiffs shall file an amended complaint in accordance with this order no later than October 5, 2009.  The amended complaint must comply with Rule 8 and Rule 9(b).  If the further amended complaint is either filed untimely or lacks a cognizable claim, this action will be dismissed with prejudice as to American Home.

**IT IS SO ORDERED.**

Dated: September 8, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge